UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth J. Roach, # 283585, *aka Kenneth Jerome Roach*, <br><br> Plaintiff, <br><br> vs. <br><br> South Carolina Department of Correction; and Mr. Day, Employee, Food Service Worker, <br><br> Defendants. | C/A No. 8:09-2155-CMC-BHH <br><br> Report and Recommendation <br> (partial summary dismissal) |

This is a civil action filed *pro se* by a state prison inmate.[1] Plaintiff is currently incarcerated at Perry Correctional Institution, part of the South Carolina Department of Corrections (SCDC) prison system. In the Complaint filed in this case, Plaintiff alleges that he was subjected to excessive force by an employee or former employee of the food services department at Perry. He names as Defendants the food service employee, "Mr. Day," and SCDC. He seeks "conversion for physical and mental damages, also to have some justice." Complaint, at 5. Liberally construed, Plaintiff seeks compensatory damages as relief for the alleged wrongdoing by Defendant Day.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to partial summary dismissal as to SCDC under the provisions of 28 U.S.C. § 1915(e)(2)(B).

The Defendant SCDC is immune from Plaintiff's claims in this case because the Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina or its integral parts. SCDC, as a South Carolina state agency, is an integral part of the state and, thus, entitled to Eleventh Amendment immunity in this case. As a result, to the extent that Plaintiff sues SCDC seeking recovery of compensatory damages, this case is subject to partial summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 627 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 61-71 (1989); *Bellamy v. Borders*,

727 F. Supp. 247, 248-50 (D.S.C. 1989); *Coffin v. South Carolina Dep't of Social Servs.*, 562 F. Supp. 579, 583-585 (D.S.C. 1983); *Belcher v. South Carolina Bd. of Corrections*, 460 F. Supp. 805, 808-09 (D.S.C. 1978); *see also Harter v. Vernon*, 101 F.3d 334, 338-39 (4th Cir. 1996); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens).

Under *Pennhurst*, 465 U.S. at 99n. 9, a state must expressly consent to suit in a federal district court. The State of South Carolina has not consented to suit in a federal court. Section 15-78-20(e) of the South Carolina Code of Laws (Cum. Supp. 1993), is a statute in the South Carolina Tort Claims Act which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. *See McCall v. Batson*, 285 S.C. 243, 329 S.E.2d 741, 743 (1985)(Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."). C*f. Pennhurst*, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").

Furthermore, SCDC may not be held liable under 42 U.S.C. § 1983[2] for the alleged wrongdoing by Mr. Day under the doctrine of *respondeat superior* or vicarious liability as the employer of the alleged wrongdoer. The doctrine of *respondeat superior* generally is inapplicable

---

[2] Plaintiff's claims for damages allegedly arising from the conditions of his confinement within South Carolina state prisons are properly considered by this Court under its federal question jurisdiction pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Fisher v. Washington Metro. Area Transit Auth.*, 690 F.2d 1133, 1142-43 (4th Cir.1982). Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. *Slakan v. Porter*, 737 F.2d 368 (4th Cir.1984). There are no allegations in the Complaint filed by Plaintiff to the effect that SCDC or any of it officials were aware of Mr. Day's alleged activities at the time the alleged incident took place, but was deliberately indifferent to them. Thus, the Complaint fails to state any viable cause of action against SCDC based on the allegations of wrongdoing by Mr. Day.

## **Recommendation**

Accordingly, to the extent that SCDC is named a Defendant, it is recommended that the District Court partially dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

                                                  s/Bruce Howe Hendricks
                                                  United States Magistrate Judge

September 9, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).