IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kenneth J. Roach,<br><br>               Plaintiff,<br><br>vs.<br><br>Mr. Day,<br><br>               Defendant. | Civil Action No.: 8:09-2155-CMC-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

The Plaintiff, a pro se prisoner, filed this action alleging civil rights violations pursuant to 42 U.S. § 1983. Before the court is the Defendant's Motion for Summary Judgment. (Dkt. # 68.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The Plaintiff brought this action on August 11, 2009, seeking damages for alleged civil rights violations. On August 31, 2010, the Defendant filed a Motion for Summary Judgment. (Dkt. # 68.) On November 17, 2010, pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. # 69.) On September 10, 2010, the Plaintiff filed a response opposing the Defendant's Summary Judgment Motion. (Dkt. # 72.)

**FACTS**

The Plaintiff is an inmate currently incarcerated at the Perry Correctional Institution ("PCI"). The Defendant was a food service supervisor. In his Complaint, the Plaintiff alleges that on December 25, 2007, while he was working in the PCI kitchen, he and

another inmate, Jones, decided to take a cigarette break. (Compl. 3.) He states he was washing his hands in the vegetable sink and had removed his glasses when Inmate Jones yelled to him from 30-40 feet away to "bring your skinney (sic) psyche ass on." *Id*.

The Plaintiff alleges that the Defendant grabbed the Plaintiff's hands from behind him and began to choke him. *Id.* The Plaintiff alleges two inmates yelled for the Defendant to release the Plaintiff, but the Defendant choked him harder and swung him towards the other inmates. *Id.* The Plaintiff alleges Officer Harrell shouted for the Defendant to release the Plaintiff more than once. *Id.* The Plaintiff alleges the Defendant finally released him when Officer Harrell pulled the Plaintiff away from the Defendant. (Compl. 3-4.)

The Plaintiff states that he was called to the cafeteria the next day and he told his side of the story and was examined by a nurse. (Compl. 4.) He alleges that the Defendant told him he was going to state in the incident report that the Plaintiff had been involved in an altercation with another inmate so that he could justify his actions. *Id.*

In his Complaint, the Plaintiff asserts that his neck hurt during and immediately after the incident. In his response opposing summary judgment, he also states that he suffered from "coughing, watery eyes, shortness of breath, etc." (Pl.'s Mem. Opp. Summ. J. Mot. at 2.) He is seeking compensation "for physical and mental damages, and also for some justice." (Compl. at 5.)

## APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

2

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

The Plaintiff alleges he was subjected to excessive force by the Defendant. The Defendant contends, inter alia, that the Plaintiff has failed to state a claim. The undersigned agrees.

3

The Eighth Amendment prohibits those who operate prisons from using "excessive physical force against inmates." *Farmer v. Brennan*, 511 U.S. 825 (1994). An inmate's Eighth Amendment claim involves a subjective component and an objective component. "Specifically, Eighth Amendment analysis necessitates inquiry as to whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Id*.

To prove the subjective component, a plaintiff must show that an officer acted with a "sufficiently culpable state of mind." *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). Factors in determining whether the use of force was wanton and unnecessary include "the need for an application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Whitley v. Albers,* 475 U.S. 312, 321(1986)).

> [O]fficials confronted with a prison disturbance must balance the threat [that] unrest poses to inmates, prison workers, administrators, and visitors against the harm inmates may suffer if guards use force. Because prison officials must make their decisions in haste, under pressure, and frequently without the luxury of a second chance, we must grant them wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.

*Hudson v. McMillian*, 503 U.S. 1, 6 (1992)(internal quotation marks omitted). Thus, the issue is not whether the use of force was absolutely necessary in hindsight, but "whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley,* 475 U.S. at 321.

4

The objective component of an excessive force claim is not nearly as demanding, however, because " '[w]hen prison officials maliciously and sadistically use force to cause harm' . . . 'contemporary standards of decency are always violated . . . whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.' " *Wilkins,* 130 S.Ct. at 1179 (internal quotations omitted).

Furthermore, the absence of significant injury alone is not dispositive of a claim of excessive force. *See Wilkins v. Gaddy,* ---U.S. ----, ---- - ----, 130 S.Ct. 1175, 1178-1179, (2010) (holding the core judicial inquiry when a prisoner alleges excessive force is not whether a certain quantum of injury was sustained, but rather whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm). The extent of injury incurred is one factor indicative of whether or not the force used was necessary in a particular situation, but if force is applied maliciously and sadistically, liability is not avoided simply because the prisoner had the good fortune to escape serious harm. *Id*. "An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins,* 130 S.Ct. at 1178. However, "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Id*. at 1178-79.

In his Complaint, as set forth above, the Plaintiff alleges that while he was working in the PCI kitchen, he and another inmate, Jones, decided to take a cigarette break. (Compl. 3.) He states he was washing his hands in the vegetable sink and had removed his glasses when Inmate Jones yelled to him from 30-40 feet away to "bring your skinney (sic) psyche ass on." *Id*. The Plaintiff then alleges that the Defendant grabbed the Plaintiff's hands from behind him and began to choke him. *Id.*

5

In the incident report, the Defendant states that he stepped in between the Plaintiff and inmate Jones. He states that the inmates had more words and that the Plaintiff went toward inmate Jones. The Defendant states that he grabbed the Plaintiff by the collar to stop him and his arm went around Plaintiff's neck. The Defendant states that he told the Plaintiff to get back to work and that the Plaintiff returned to and finished his job that day. The Defendant states that the Plaintiff was not injured in the incident, but was checked out by the nurse the next day pursuant to the policy of the South Carolina Department of Corrections.

It is undisputed that the Defendant Day restrained the Plaintiff by placing the Plaintiff in a chokehold. The Defendant, however, contends that he did so in order to prevent what he believed was an imminent physical altercation between the Plaintiff and another inmate, i.e. to restore or maintain order. In his memorandum opposing summary judgment the Plaintiff states that the Defendant made a mistake regarding the potential altercation and that the Defendant "overreacted." (Pl.'s Mem. Opp. Summ. J. Mot. at 2.) Furthermore, while the Plaintiff alleges he that his neck hurt during and immediately after the incident and he suffered from "coughing, watery eyes, shortness of breath, etc.," there is no evidence that the Plaintiff complained of any injury or sought medical treatment on the day of the incident, or any other time. It is also undisputed that the Plaintiff was examined by a nurse the next day during the investigation of the incident report and no injuries were noted. Even viewed in the light most favorable to the Plaintiff, the totality of the circumstances compels the conclusion that the force utilized by the Defendant was applied in a good faith effort to maintain and restore discipline and was not an unnecessary and wanton infliction of pain. *Orem,* 523 F.3d at 446-47. Accordingly, the Defendant should be granted summary judgment.

**CONCLUSION**

Based on the foregoing, it is recommended that the Defendant's Motion for Summary Judgment (Dkt. # 68) be GRANTED.

IT IS SO RECOMMENDED.

                                                s/Bruce Howe Hendricks
                                                United States Magistrate Judge

November 18, 2010
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).