IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Kenneth J. Roach, # 283585, ) | C/A NO. 8:09-2155-CMC-BHH |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| Mr. Day, Employee, Food Service Worker, ) | |
| Defendant. ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation ("Report"). On November 18, 2010, the Magistrate Judge issued a Report recommending that Defendant's motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on December 3, 2010. Plaintiff has also filed a motion for reconsideration of this court's Order denying Plaintiff's motion for default judgment, as well as a second motion for default judgment (Dkt. #85, filed Dec. 6, 2010).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

1

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Plaintiff contends in his objections that Defendant "did use excessive force," and that he was "maliciously attacked from behind without warning or provocation." Obj. at 1 (Dkt. # 83, filed Dec. 3, 2010). However, Plaintiff contended that Day "overreacted" to a perceived altercation between inmates, *see* Resp. and Obj. at 2 (Dkt. #72, filed Sept. 10, 2010), and the "statements" by other inmates attached to his objections do not contradict this.[1] According to these statements, there were at least words exchanged between inmates. Plaintiff has failed to present evidence that Day was acting "maliciously and sadistically for the very purpose of causing harm" rather than in a good-faith effort to maintain or restore discipline. *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986); *see also Wilkins v. Gaddy*, --- U.S. ----, 130 S.Ct. 1175 (2010). Therefore, Defendant is entitled to summary judgment.

Plaintiff has again moved for default judgment (Dkt. # 85, filed Dec. 6, 2010), and has moved for reconsideration of this court's order denying his earlier motion for default. Plaintiff contends that because the Magistrate Judge assigned to this matter directed that Defendant answer

---

[1] These statements are not submitted under oath or penalty of perjury, and would not, therefore, be sufficient (even if contrary to the argument and evidence presented by Defendant) to create a genuine issue of material fact for trial.

2

by May 3, 2010, the answer filed May 4, 2010, was untimely, and that default judgment should have been entered against Defendant.

Rule 55 of the Federal Rules of Civil Procedure provides that upon a showing of a party's default by affidavit "or otherwise," the Clerk "must" enter the party's default. However, entry of default is not the same as entry of default judgment, and may be set aside for good cause. *See* Fed. R. Civ. P. 55. To the extent default should have been entered by the Clerk, the court finds that an eleven-hour delay in hand-delivering an answer to the Clerk of Court[2] by a party who was, at the time, appearing *pro se*, would be good cause to set aside default.

Moreover, Plaintiff offers no reason, other than his disagreement with the court's decision, why the Order should be reconsidered. Therefore, Plaintiff's second motion for entry of default judgment and motion for reconsideration are **denied**.

Defendant's motion for summary judgment is **granted** and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 29, 2010

C:\Documents and Settings\Mlb87\Desktop\09-2155 Roach v. Day adopt rr gr sumjgm.wpd

---

[2]Defendant's answer was received for filing at 11:19 a.m. on May 4, 2010.